**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-101-FDW**

| | |
|---|---|
| **BARRY WILLIAM HUDGINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **BUNCOMBE COUNTY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court *sua sponte*.

The incarcerated *pro se* Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 under the prisoner mailbox rule on March 27, 2019, addressing incidents that allegedly occurred in the weeks surrounding February 2, 2015. (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 6); see 28 U.S.C. § 1915.

The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 275-80 (1985); Wallace v. Kato, 549 U.S. 384, 387 (2007); Tommy Davis Constr., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). In North Carolina, the applicable statute of limitations is three years. See N.C. Gen. Stat. § 1-52(16); Nat'l Adv. Co. v. City of Raleigh, 947 F.2d 1158, 1162 n.2 (4th Cir. 1991). The limitations period for a § 1983 claim begins to run when the plaintiff has "a complete and present cause of action"—in other words, when it could have "file[d] suit and obtain[ed] relief." Wallace, 549 U.S. at 388 (quoting Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)). Equitable tolling of the limitations period is "reserved for 'those rare instances where – due to circumstances external to the party's

1

own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result.'" Battle v. Ledford, 912 F.3d 708, 718 (4th Cir. 2019) (quoting Raplee v. United States, 842 F.3d 328, 333 (4th Cir. 2016); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland v. Florida, 560 U.S. 631, 653 (2010).

The statute of limitations is an affirmative defense that the defendant generally bears the burden of affirmatively pleading. See Fed. R. Civ. P. 8(c)(1). However, the statute of limitations may be addressed *sua sponte* where a complaint is filed *in forma pauperis* and the face of the complaint plainly reveals the existence of such defense. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953-54 (4th Cir. 1995).

It appears on the face of the Complaint that this action is subject to dismissal as time-barred because the Complaint was filed more than three years after the cause of action accrued. The Court will afford Petitioner the opportunity to file a Memorandum Addressing Limitations within **14 days** of this Order explaining why his § 1983 Complaint is timely. Failure to comply with this Order will probably result in the dismissal of this action as time-barred without further notice.

**IT IS, THEREFORE, ORDERED** that Petitioner shall file a Memorandum Addressing Limitations within **14 days** from entry of this Order which explains why his § 1983 Complaint is timely.

**IT IS SO ORDERED.**

Signed: September 25, 2019

Frank D. Whitney
Chief United States District Judge