# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-101-FDW

| | |
|---|---|
| **BARRY WILLIAM HUDGINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **BUNCOMBE COUNTY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 6).

## I. BACKGROUND

Plaintiff, who is presently incarcerated at the Albemarle Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983 about incidents that allegedly occurred at the Alexander Correctional Institution ("AXCI") and Buncombe County Jail ("BCJ"). The Complaint was filed under the prison mailbox rule on March 27, 2019.[1] Plaintiff names as Defendants: Buncombe County, Buncombe County Sheriff FNU Vanduncan,[2] BCJ Officer Jane Doe (1), NCDPS Secretary Eric A. Hooks, NCDPS Director Kenneth E. Lassiter, and AXCI Correctional Sergeant Jane Doe (2).

Construing the Complaint liberally and accepting the allegations as true, Plaintiff was writted from AXCI to BCJ for a hearing before Judge Mark E. Powell, who ordered that Plaintiff be held at BCJ and not be returned to NCDPS. Within a couple of days, in violation of the court

---

[1] Houston v. Lack, 487 U.S. 266 (1988) (recognizing the prison mailbox rule).

[2] It appears that Plaintiff is attempting to name prior Sheriff Van Duncan who has retired. The present Sheriff of Buncombe County is Quentin Miller.

1

order, Plaintiff was returned to ACXI "by Defendant Buncombe County and Sheriff Vanduncan." (Doc. No. 1 at 6). BCJ Officer Jane Doe (1) "argued with NCDPS Sergeant Defendant Jane Doe Two that Plaintiff was to be at AXCI and left Plaintiff at AXCI." (Doc. No. 1 at 6-7). Plaintiff was again written back to BCJ by "Defendant Buncombe County and Defendant Sheriff Vanduncan." (Doc. No. 1 at 7). Plaintiff was placed in general population at BCJ. On February 2, 2015, Judge Powell granted Plaintiff's Motion for Appropriate Relief and entered an order that Plaintiff be released from custody immediately. Plaintiff was not released and was placed back into BCJ general population. Plaintiff was not released for weeks and, "by deliberate indifference ... Plaintiff was falsely imprisoned at BCJ with no probable cause, no warrant or any pending charges." (Doc. No. 1 at 7). The actions of Defendants Buncombe County, Vanduncan, Hooks, Lassiter, and Jane Does (1) and (2) constituted deliberate indifference, denied Plaintiff due process, was negligent, and constituted *respondeat superior* under North Carolina law. (Doc. No. 1 at 8).

Plaintiff requests the appointment of counsel, compensatory and punitive damages, declaratory judgment, a jury trial, costs and fees, and any additional relief that the Court deems just and equitable.

The Court ordered that Plaintiff file a memorandum addressing the applicable statute of limitations, (Doc. No. 8), and Plaintiff has done so, (Doc. Nos. 11, 12). Plaintiff notes that he filed a civil action in this Court, 1:17-cv-111-FDW, which was dismissed without prejudice on initial review. He argues that this was a "mistake of law" that should be treated as lack of knowledge. (Doc. No. 11 at 3). Plaintiff asks that the Court apply equitable tolling because he has exercised due diligence and his incarceration hindered him from properly filing his suit. He further argues that he could have moved to amend in the 2017 case under Rule 15 and asks the Court to treat his Complaint in the instant case as an Amended Complaint in that case under Rule 60(b)(4), (6). He

argues that he made a mistake by believing that the dismissal without prejudice in the 2017 case was a "dismissal that could not be refiled," and constitutes excusable neglect. (Doc. No. 11 at 6).

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis,* the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, the Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007);

see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**III. DISCUSSION**

In an inmate's federal civil rights action, a state's limitations and tolling rules are to be followed unless doing so "defeat[s] either § 1983's chief goals of compensation and deterrence or its subsidiary goals of uniformity and federalism." Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989) (footnote omitted). The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal-injury actions. See Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). Section 1983 claims arising in North Carolina are limited by the three-year period for personal injury actions. See N.C.G.S. § 1–52; Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 n. 2 (4th Cir. 1991). The limitations period for a § 1983 claim begins to run when the plaintiff has "a complete and present cause of action"—in other words, when it could have "file[d] suit and obtain[ed] relief." Wallace, 549 U.S. at 388 (quoting Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997)).

Although a court generally cannot raise the statute of limitations *sua sponte* because a statute of limitations argument is an affirmative defense, Fed. R. Civ. P. 8, an exception to the general rule exists within the context of 28 U.S.C. § 1915(e)(2)(B) review when the face of the

4

complaint plainly reveals the existence of such defense. See Barkley v. Maryland, 618 Fed. Appx. 182, 182 (4th Cir. 2015) (citing Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006)); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953–54 (4th Cir. 1995).

It is clear on the face of the Complaint, which addresses incidents in February 2015, that it was filed well outside the three-year statute of limitations on March 27, 2019. The Court provided Plaintiff the opportunity to address the statute of limitations before applying this obvious time bar. Plaintiff filed a Memorandum urging the Court to find the Complaint timely based on equitable tolling.

Equitable tolling applies in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). As a general matter, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010); see also Aikens v. Ingram, 524 Fed. Appx. 873, 882 (4th Cir. 2013) (noting that equitable tolling is "entirely consistent with [the North Carolina Supreme Court's] jurisprudence); Glynne v. Wilson Med. Ctr., 236 N.C. App. 42 (2014) (addressing equitable tolling, equitable estoppel, and fraudulent concealment).

Plaintiff argues that he pursued his claims diligently, was ignorant of the law, was misadvised about the statute of limitations,[3] and that his incarceration prevented him from timely filing the Complaint. However, neither ignorance of the law, misadvice of counsel, nor incarceration justifies equitable tolling. See Edmonson v. Eagle Nat'l Bank, 922 F.3d 535 (4th Cir.

---

[3] Plaintiff alleges that his appellate lawyer in his criminal case misadvised him that the statute of limitations would not start until he filed suit. See (Doc. No. 12 at 2).

2019) (noting that a garden variety claim of excusable neglect such as a simple miscalculation that leads a lawyer to miss a filing deadline is insufficient to meet the "extraordinary circumstances" standard) (quoting Meniminee Indian Tribe of Wis. v. United States, 136 S.Ct. 750, 193 L.Ed.2d 652 (2016)); Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) ("a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding.") (quoting Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000)); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"); Henriquez v. United States, 2012 WL 1564158, *2 (E.D.N.C. May 2, 2012) (prison conditions such as lock-downs, misplacement of legal papers, and lack of access to legal materials typically are not grounds for equitable tolling). The Complaint will therefore be dismissed pursuant to § 1915(e)(2)(B).

To the extent that Plaintiff seeks relief in his 2017 civil rights case, he must seek relief in that case.

### V. CONCLUSION

For the reasons stated herein, the Complaint will be dismissed and this case will be closed.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
2. The Clerk is instructed to close this case.

Signed: March 21, 2020

_____
Frank D. Whitney
Chief United States District Judge